**UNITED STATES DISTRICT COURT**

**DISTRICT OF OREGON**

**EUGENE DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **6:26-cr-00297-MC** |
| **v.** | **INFORMATION** |
| **LINH LUU,** | **16 U.S.C. §§ 3372(a)(1), 3373(d)(1)(A) 18 U.S.C. § 2(a)** |
| **Defendant.** | |

**THE UNITED STATES ATTORNEY CHARGES:**

**Statutory and Regulatory Overview**

1. The Convention on International Trade in Endangered Species of Wild Flora and Fauna ("CITES") was an international agreement among approximately 185 governments, including the United States and Vietnam, to protect fish, wildlife, and plants that are, or may become, threatened with extinction. CITES established import and export restrictions to protect these species from overexploitation through international trade. The restrictions applied to live or dead wildlife specimens, as well as the skins, parts, and products made in whole or in part from a listed species.

2. Under CITES, species were protected according to a classification system including Appendices I and II. Appendix I consisted of species threatened with extinction which were or may have been affected by trade. Appendix II of CITES consisted of species that were not presently threatened with extinction but could have become threatened if trade in the species

was not regulated. International trade in species listed in these appendices was monitored and regulated by permits and quotas.

3. The United States implemented CITES through the Endangered Species Act ("ESA"), Title 16, United States Code, Section 1531 et seq. The ESA and its implementing regulations made it unlawful for anyone to engage in trade in any specimens contrary to CITES or to possess any specimens traded contrary to CITES. 16 U.S.C. § 1538(c)(1).

4. Prior to import into the United States, all shipments of CITES Appendix I wildlife were required to have a valid CITES import permit issued by the United States CITES Management Authority. All shipments of CITES Appendix I or II wildlife were required to have a valid export or re-export permit from the country of exportation. 50 C.F.R. § 23.20. International trade in a CITES-listed specimen without the required documentation was prohibited. 50 C.F.R § 23.13(a).

5. In addition to implementing CITES, the ESA prohibited the import, delivery, receipt, carriage, transportation, and shipment, in foreign commerce and in the course of commercial activity, of any listed endangered species, and it prohibited the violation of any regulations pertaining to either listed endangered or threatened species. 16 U.S.C. §§ 1538(a)(1)(A), (a)(1)(E), and (a)(1)(G).

6. CITES Appendix II included American black bears (1992) and lions (2016). Appendix I listed all rhinoceros (1977) and tigers (1975). The ESA listed lions (2016) and white rhinoceros (2013) as threatened and black rhinoceros (1980) and tigers (1975) as endangered.

7. Under Title 50 of the Code of Federal Regulations, importers, exporters, and their agents were required to declare any shipment of wildlife into or from the United States on a Declaration for Importation or Exportation of Wildlife. 50 C.F.R. § 14.61. Importers, exporters,

and their agents were further required to obtain clearance from an officer of the U.S. Fish and Wildlife Service ("USFWS") for any importation or exportation of wildlife and to make all relevant shipping documents, permits, and the wildlife itself available to an officer of the USFWS. 50 C.F.R. § 14.52. Importers, exporters, and their agents were further required to mark any shipment of wildlife with an accurate list of each species' scientific name. 50 C.F.R. § 14.81.

**COUNT 1**
**(Lacey Act Trafficking)**
**(16 U.S.C. §§ 3372(a)(1), 3373(d)(1)(A), 18 U.S.C. § 2(a))**

From on or about September 18, 2019, to May 8, 2021, in the District of Oregon and elsewhere, defendant **LINH LUU** did knowingly import and export wildlife, that is black bear gallbladders, black rhinoceros horns, white rhinoceros horns, lion teeth, and a tiger pelt, knowing that said wildlife was transported and sold in violation of and in a manner unlawful under the laws and regulations of the United States, specifically, the Endangered Species Act, 16 U.S.C. § 1538, and 50 C.F.R. § 14, *et seq.*;

In violation of Title 16, United States Code, Sections 3372(a)(1) and 3373(d)(1)(A), and Title 18, United States Code, Section 2(a).

Dated: August 12, 2026

Respectfully submitted,

SCOTT E. BRADFORD
United States Attorney

*/s/ William M. McLaren*
WILLIAM M. McLAREN, OSB #143836
Assistant United States Attorney

ADAM R.F. GUSTAFSON
Principal Deputy Assistant Attorney General

*/s/ Ryan C. Connors*
RYAN C. CONNORS
Senior Trial Attorney